08-1007-cr
USA v. Pope

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: January 16, 2009                          Decided: February 3, 2009)

Docket No. 08-1007-cr

UNITED STATES OF AMERICA,

    *Appellee*,

    v.

STEVEN W. POPE, also known as Steven Willsam, also known as Stephen Pope, also
known as Steven McQueen, also known as Steve W. Pope, also known as Stern W. Pope,
also known as William S. Pope,

    *Defendant-Appellant.*

Before: CABRANES and LIVINGSTON, *Circuit Judges*, and EATON, *Judge.*[*]

    Defendant Steven W. Pope appeals from a February 28, 2008 judgment of the United States

District Court for the Eastern District of New York (Sandra L. Townes, *Judge*) convicting him,

following a guilty plea, of two counts of bank burglary, in violation of 18 U.S.C. § 2113(a).  The District

Court sentenced defendant principally to seven years of imprisonment pursuant to an upward

departure.  On appeal, Pope makes two central arguments: (1) that his sentence was procedurally

unreasonable because the District Court erroneously applied a two-level enhancement to Pope's base

offense level under Section 2B2.1(b)(4) of the United States Sentencing Guidelines, for possession of a

dangerous weapon; and (2) that the non-guidelines sentence was substantively unreasonable because it

was more than twice the maximum recommended sentence under the Guidelines and the variance was

based only on Pope's criminal history.  We hold today that Section 2B2.1(b)(4) requires only possession

---

[*] The Honorable Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

of a dangerous weapon, and therefore applies even if a defendant did not use the object in question as a weapon in the course of committing the crime. We conclude that the sentence was both procedurally and substantively reasonable.

Affirmed.

JAMES GATTA, Assistant United States Attorney (Benton J. Campbell, United States Attorney, *on the brief*, Emily Berger, Assistant United States Attorney, *of counsel)*, Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, *for Defendant-Appellant*.

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant Steven W. Pope appeals from a February 28, 2008 judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*) convicting him, following a guilty plea, of two counts of bank burglary, in violation of 18 U.S.C. § 2113(a). The District Court sentenced defendant, pursuant to an upward departure, to seven years of imprisonment, three years of supervised release, restitution of $2,244.55, and a special assessment of $200. On appeal, Pope makes two central arguments: (1) that his sentence was procedurally unreasonable because the District Court erroneously applied a two-level enhancement to Pope's base offense level pursuant to Section 2B2.1(b)(4) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), for possession of a dangerous weapon; and (2) that the non-guidelines sentence was substantively unreasonable because it was more than twice the maximum sentence under the Guidelines and was based only on Pope's criminal history. For the reasons set forth below, we conclude that the sentence was both procedurally and substantively reasonable, and accordingly affirm the judgment of the District Court. We write to clarify that U.S.S.G. § 2B2.1(b)(4) requires only possession of a dangerous weapon; it applies even if the defendant did not use the object in question as a dangerous weapon in the course of committing the crime.

2

## BACKGROUND

### I.     Factual Overview

On October 19, 2006, Pope burglarized a branch of Citibank in Brooklyn, New York.  He was among a group of individuals that entered the bank by cutting a hole in the fence between the bank and the adjacent property, and breaking the bank's rear window.  They then forced open the safes located in the bank's teller area and stole approximately $1,078.78.

 On July 22, 2007, Pope burglarized a Chase Bank branch in Queens, New York.  He and at least one other person broke a side window of the bank, using a sledgehammer.  They then stole approximately $1,165.77 in coins from coin safes located in the bank's teller area.

Based upon the facts of these two burglaries, a federal grand jury in the Eastern District of New York returned an indictment on August 2, 2007, charging Pope with two counts of bank burglary, in violation of 18 U.S.C. § 2113(a), and two counts of bank theft, in violation of 18 U.S.C. § 2113(b).  On September 21, 2007, Pope pleaded guilty to the two counts of bank burglary, pursuant to a plea agreement.

In anticipation of sentencing, the United States Probation Office ("Probation Office") prepared a Presentence Investigation Report ("PSR").  The PSR set forth a base offense level of twelve for each of the bank burglaries, pursuant to U.S.S.G. § 2B2.1(a)(2). (We note that the statutory maximum for each count was twenty years.  *See* 18 U.S.C. § 2113(a).)  The PSR then applied, pursuant to U.S.S.G. § 2B2.1(b)(4), a two-level enhancement for possession of a deadly weapon because Pope had used a sledgehammer to break into the Chase Bank branch during the July 22, 2007 burglary.  Pursuant to U.S.S.G. § 3D1.4, two points were added to reflect Pope's conviction of two counts of burglary.  The adjusted, combined offense level for both burglaries was sixteen, which was then reduced by three levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).  The final adjusted offense level was calculated to be thirteen.

3

The PSR also noted Pope's extensive criminal history, and it assigned him fourteen criminal history points for four prior convictions. First, on January 30, 1992, Pope was convicted of attempted burglary of a pharmacy in Queens, New York. Second, on June 15, 1994, he was convicted of attempted burglary of a beverage distribution center in Hempstead, New York. Third, on September 26, 2001, Pope was convicted of burglarizing a Rite Aid store in New York, New York. Fourth, on May 30, 2001, he was convicted of attempted possession of dangerous contraband in prison. Pope received three criminal history points for each of these four convictions, for a total of twelve points. Furthermore, because he committed the 2006 and 2007 bank burglaries while still on parole for his 2001 burglary conviction, Pope was assigned two additional criminal history points, for an adjusted total of fourteen points, establishing a criminal history category of VI. Finally, the PSR detailed fourteen prior convictions, for crimes including attempted manslaughter and grand larceny, for which Pope was not assessed any criminal history points because the offenses were remote in time.

The recommended sentencing range in the PSR was thirty-three to forty-one months.

## II. Sentencing

On January 31, 2008, the District Court issued a notice to the parties that it was "contemplating upwardly departing from the applicable Sentencing Guidelines range and imposing a non-Guideline sentence of *imprisonment for a period of seven (7) years on each Count to run concurrently*." Appellant's App. at 54 (emphasis in the original). As grounds for this potential departure, the District Court listed, *inter alia*, "the facts and circumstances surrounding the defendant's arrest and underlying the instant indictment; . . . the history and characteristics of the defendant; . . . to protect the public from further crimes of the defendant; and . . . the likelihood of recidivism." *Id.*

By letter dated February 13, 2008, Pope, through counsel, objected to the Probation Department's inclusion of the two-level enhancement for possession of a dangerous weapon, on the

4

ground that the sledgehammer was not used or possessed as a weapon, but instead to facilitate the burglary. Pope then argued that his appropriate base offense level was twelve, which corresponds to a Guidelines range of thirty to thirty-seven months, and that he should be sentenced within that range. In response to Pope's objections, the Probation Office filed a February 19, 2008 addendum to the PSR. In the addendum, the Probation Office maintained that the two-level enhancement should be applied to Pope because "there is no question that a sledgehammer is capable of inflicting death or serious bodily injury." PSR Second Addendum of Feb. 19, 2008.

At a sentencing hearing on February 20, 2008, defense counsel renewed his argument regarding the two-level enhancement for the possession of a dangerous weapon while committing a burglary. Defense counsel stated that "the sledgehammer, since it has other uses, obviously, it's mostly used as a tool, was not possessed as a weapon." Appellant's App. at 64. Defense counsel then argued that the District Court should not impose a sentence above the applicable Guidelines range because, *inter alia*, no one was harmed in the course of the burglaries, and accordingly, the seriousness of those offenses was properly captured by the Sentencing Guidelines. He also argued that, with the exception of Pope's one conviction for attempted manslaughter, he had no history of violent crime and thus his criminal history did not warrant an upward departure.

Following these statements, and arguments made by the government, the District Court imposed a sentence. The District Court accepted the PSR in its entirety. It then stated that it had "considered the factors pursuant to 18 U.S.C. § 3[5]53(a)(1), the nature and circumstances of these offenses, and the history and characteristics of this defendant." *Id.* at 74. The District Court noted:

> [I]t's just obvious to me that we need to protect the public from further crimes by this defendant, and this is the only way. . . . [H]e's still, as you say, at forty-nine year old, committing burglaries. For that reason, it is my intent—and I will—sentence the

defendant above or outside of the Guideline range. I think the sentence is necessary for deterrence, if nothing else, and to protect the public from Mr. Pope.

*Id.* at 77-78. The District Court then sentenced Pope principally to two concurrent seven-year terms of incarceration for the two counts of burglary. Pope filed a timely notice of appeal.

## DISCUSSION

On appeal, Pope makes two central arguments. First, he argues that his sentence was procedurally unreasonable because it was based upon a legally incorrect application of a two-level enhancement to his base offense level for possession of a dangerous weapon. Second, Pope argues that his non-guidelines sentence was substantively unreasonable because it was more than twice the maximum recommended sentence under the Guidelines and, according to defendant, the departure was based solely on Pope's criminal history. Because we conclude that Pope's sentence was both procedurally and substantively reasonable, we affirm the sentence imposed by the District Court.

### I.     Standard of Review

At the outset, we note that "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (*en banc*). We review sentences only for "reasonableness," *United States v. Booker*, 543 U.S. 220, 262 (2005), for which we apply a "deferential abuse-of-discretion standard," *Gall v. United States*, 128 S. Ct. 586, 598 (2007); *see generally Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal alteration, citations, and quotation marks omitted)). This form of appellate review includes two components: procedural review and substantive review. *Gall*, 128 S. Ct. at 597. The procedural review focuses on whether any technical errors were made, including

6

(1) "failing to calculate (or improperly calculating) the Guidelines range," (2) "treating the Guidelines as mandatory," (3) "failing to consider the [18 U.S.C.] § 3553(a) factors," (4) "selecting a sentence based on clearly erroneous facts," or (5) "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* The substantive review, in contrast, assesses "'whether the District Judge abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008) (quoting *Gall*, 128 S. Ct. at 600).

With respect to the application of a specific sentencing enhancement, "we give due deference to the district court's application of the Guidelines to the facts." *United States v. Sicurella*, 367 F.3d 82, 85 (2d Cir. 2004). That said, "we review issues of law *de novo*." *Id.* In the case before us, we review the District Court's interpretation of U.S.S.G. § 2B2.1(b)(4), which is a legal issue. Accordingly, we review the interpretation of U.S.S.G. § 2B2.1(b)(4) *de novo*.

## II.     Procedural Reasonableness: Application of U.S.S.G. § 2B2.1(b)(4)

The Guidelines provide a two-level enhancement to a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed" in connection with a burglary. U.S.S.G. § 2B2.1(b)(4). The application notes to this provision state that the term "dangerous weapon" is defined in the commentary to U.S.S.G. § 1B1.1. The application instructions found there define a "dangerous weapon" as:

> (i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument (*e.g.* a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun).

U.S.S.G. § 1B1.1, app. n. 1(D).

Pope does not dispute that he possessed a sledgehammer in the course of burglarizing the Chase Bank branch on July 22, 2007. *See* Appellant's App. at 63. Rather, Pope argues that the District Court erred in applying the enhancement because a sledgehammer is "not inherently a weapon," and Pope did not use the sledgehammer as a weapon during the burglary. Appellant's Br. at 15. His argument is without merit.

We have consistently "taken a broad view of the definition of 'dangerous weapon' under the Sentencing Guidelines." *United States v. Agron*, 921 F.2d 25, 26 (2d Cir. 1990). Application Note 1(D) of U.S.S.G. § 1B1.1 states that a dangerous weapon need only be "an instrument capable of inflicting death or serious bodily injury," and a sledgehammer is capable of causing such harm. Accordingly, a sledgehammer is a "dangerous weapon" under U.S.S.G. § 2B2.1(b)(4).

We now must assess whether the fact that Pope had a dangerous weapon with him while he was committing one of the burglaries is sufficient to trigger the two-level enhancement, pursuant to U.S.S.G. § 2B2.1(b)(4). Section 2B2.1.(b)(4) of the Sentencing Guidelines states that the two-level enhancement will apply if the dangerous weapon "was possessed." When previously construing different provisions of the Guidelines, we have stated that we will "giv[e] the Guidelines language its plain meaning and force." *United States v. Sloley*, 464 F.3d 355, 359 (2d Cir. 2006); *see United States v. Parnell*, 524 F.3d 166, 171 (2d Cir. 2008). *Cf. Universal Church v. Geltzer*, 463 F.3d 218, 223 (2d Cir. 2006), *cert. denied*, 549 U.S. 1113 (2007) ("Statutory interpretation always begins with the plain language of the statute, assuming the statute is unambiguous."). The same logic applies to the provision at hand, and there can be nothing ambiguous about the provision's meaning. The only question, then, is whether Pope possessed the sledgehammer during the burglary. The record shows that the sledgehammer used in the course of the burglary was recovered the next day at Pope's apartment, *see* Appellant's App. at 49, and, as noted above, Pope does not deny that he possessed the sledgehammer during the burglary, *see id.* at 63. The fact that he did not use the sledgehammer *as a weapon* is irrelevant to the issue of

8

possession. To hold otherwise would directly contradict the plain meaning of this provision of the Guidelines, and would lead to absurd results. For example, a burglar could enter a bank carrying several guns and explosives and remain exempt from the two-level sentencing enhancement so long as those "tools of the trade" were used only to break open the safes. Accordingly, we hold that U.S.S.G. § 2B2.1(b)(4) requires only possession of a dangerous weapon, regardless of whether the dangerous weapon was employed as such during the commission of a crime. *Cf. United States v. Lavender*, 224 F.3d 939, 941 (9th Cir. 2000) (holding that "[b]ecause [defendant] possessed a screwdriver during the [bank] robbery, and a screwdriver is properly classified as a dangerous weapon, the district court did not err by applying the enhancement to him," regarding U.S.S.G. § 2B3.1(b)(2)(E), which applies "if a dangerous weapon was brandished, displayed, or possessed").

Based on the facts of the case and the plain language of the applicable Sentencing Guidelines, we hold that the District Court committed no procedural error in applying the two-level enhancement for possession of a dangerous weapon.


### III. Substantive Reasonableness

We now turn to Pope's contention that the imposition of a seven-year non-guidelines sentence was substantively unreasonable because (1) it was more than twice the maximum sentence under the Guidelines, and (2) it was based solely on Pope's criminal history, according to defendant. At the outset, we note that the Supreme Court held in *Gall* that when a sentence is outside the Guidelines range, the reviewing court "may not apply a presumption of unreasonableness." 128 S. Ct. at 597. Rather, the reviewing court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* Moreover, we have never held that a district court's particular reliance on a factor to justify departing from the Guidelines is suggestive of unreasonableness; we have only said that "*unjustified* reliance upon

9

any one factor" suggests unreasonableness. *United States v. Rattoballi*, 452 F.3d 127, 137 (2d Cir. 2006) (emphasis added). Generally, "[i]f the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006).

As the record demonstrates here, the District Court fully considered the sentencing factors listed in 18 U.S.C. § 3553(a). Both in its January 31, 2008 letter, and at the February 20, 2008 sentencing hearing, the District Court noted that it was considering not only the nature and circumstances of the offense and the history and characteristics of Pope, but also the need for deterrence and the need to protect the public from further crimes—all different factors enumerated under 18 U.S.C. § 3553(a). Thus, contrary to defendant's assertion, the District Court relied on numerous factors to support its variance from the Guidelines range; the fact that the District Court's assessment of the weight of these factors was informed, in part, by Pope's criminal history is entirely appropriate. Defendant has presented us with no compelling reason to second guess the determination of the District Court that these factors warrant a variance from the Guidelines of the magnitude imposed here. Accordingly, we conclude that the District Court's imposition of a seven-year sentence was not substantively unreasonable, and that the Court did not abuse its discretion in imposing it.

**CONCLUSION**

For the reasons stated above, we hold that the District Court properly applied the two-level enhancement pursuant to U.S.S.G. § 2B2.1(b)(4), and committed no error in considering defendant's extensive criminal record in departing upward from the applicable Guidelines range. Accordingly, we conclude that Pope's sentence was both procedurally and substantively reasonable, and the judgment of the District Court is **AFFIRMED.**

10