09-0713-cr
United States v. Caroline Ull

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of March, two thousand ten.

PRESENT:    Ralph K. Winter,
            José A. Cabranes,
            Gerard E. Lynch
                            *Circuit Judges*.

------------------------------------------------------------------

United States of America,
                            *Appellee*,

            v.                                      No. 09-0713-cr

Caroline Ull,
                            *Defendant-Appellant.*[*]
------------------------------------------------------------------

APPEARING FOR APPELLANT:    Jeremy F. Orden, New York, New York


APPEARING FOR APPELLEE:     Preet Bharara, United States Attorney for the Southern District of New York (Antonia M. Apps and Michael A. Levy, Assistant United States Attorneys, *of counsel*), New York, New York

Appeal from the United States District Court for the Southern District of New York (Alvin

K. Hellerstein, *Judge*).

---

[*] The Clerk of the Court is respectfully directed to amend the official caption to conform to the caption of this order.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Caroline Ull appeals from a judgment of conviction sentencing her principally to 18 months' imprisonment following her guilty plea to two counts of stalking by means of interstate travel and the use of the mails in violation of 18 U.S.C. §§ 2261A(1) and 2261A(2). The undisputed facts before the district court at sentencing demonstrated that following a brief romantic relationship in or about 1983, Ull harassed the victim and his family until her indictment in 2007, sending more than 1400 letters, faxes and e-mails, as well as telephone messages and messages deposited at the victim's residence, many overtly threatening and abusive. At sentencing, the victim's wife reported that the entire family was "terrified" by Ull's conduct. A pre-trial psychiatric examination resulted in a report noting that Ull "revealed a number of symptoms indicative of a chronic psychotic disorder, including seemingly delusional beliefs," and diagnosing her as suffering from a "[d]elusional disorder with erotomanic, paranoid and grandiose features." Ull's emotional difficulties were sufficiently severe that the district court, although finding her competent to stand trial, denied her request to represent herself, finding her insufficiently competent to do so.

Ull challenges her sentence on appeal, arguing that the district court "should have downwardly departed based upon [her] mental state," and/or "failed to properly take into consideration [her] mental state when imposing sentence." Her arguments are without merit.

We review sentences for reasonableness, asking whether the sentence was unreasonable either procedurally (by errors such as erroneous calculations of the advisory guideline sentencing range) or substantively (as in those "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions"). *United States v. Cavera*, 550 F.3d 180, 189-90

(2d Cir. 2008) (internal quotation marks omitted). The district court here committed no error of either kind, and its sentence was reasonable.

Ull does not dispute the accuracy of the district court's calculation that the United States Sentencing Guidelines recommended a sentence for her crimes of 33 to 41 months' imprisonment. Contrary to her contention that the district court "should have" departed downward in light of her mental illness, the district court in fact did exactly that, imposing a sentence well below the recommended sentence based on her mental and emotional condition. While Ull now argues that the district court erred by not adequately considering the "characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the sentencing transcript demonstrates that the court was fully aware of Ull's mental condition, and took it into account. To the extent she argues that the court failed to understand or took issue with the psychiatric report, that argument is unavailing, both because the court clearly understood and did not dispute those conclusions, and because in any event, "a district court is not required to accept" expert psychiatric testimony, "but rather may rely on its own assessment of [the] defendant's mental state based upon its observations, even when they conflict with those of the expert." *United States v. Veldez*, 426 F.3d 178, 186 (2d Cir. 2005).

Nor was the sentence substantively unreasonable. The district court appropriately took into account the severity of Ull's conduct, the extent of the harm inflicted on the victims, and the fact that – despite the evidence of Ull's mental illness – there was no evidence whatever that she lacked the capacity to control her behavior. The sentence explicitly balanced an understanding that the defendant's mental illness contributed to her offense, with the need for promoting respect for the law, providing just punishment, deterring defendant and others from committing similar offenses in the future, and protecting the public from further criminality.

The district court thus appropriately took account of the factors to be considered in imposing sentence under 18 U.S.C. § 3553(a), and the sentence it arrived at in balancing those factors is well within the range of permissible decisions. "[I]f the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009).

As there is no basis for disturbing the sentence imposed by the district court, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court