08-5018-cr
USA v. Hernandez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        ROBERT A. KATZMAN,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

United States of America,

        *Appellee*,

        v.                                           08-5018-cr

Gabino Hernandez, also known as "Luis Gambao,"

        *Defendant-Appellant*.

_____

FOR APPELLANT:        DARRELL B. FIELDS, Federal Defenders of New York, Inc.,
                      Appeals Bureau, New York, N.Y.

FOR APPELLEE:         JONATHAN B. NEW, MICHAEL A. LEVY, Assistant United
                      States Attorneys *for* PREET BHARARA, United States Attorney
                      for the Southern District of New York, New York, N.Y.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Gabino Hernandez appeals from an October 3, 2008 judgment of the United States District Court for the Southern District of New York (Lynch, *J.*), sentencing him principally to 235 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

From 1995 through 2000, Hernandez served as the leader of an organization that distributed more than 100 kilograms of cocaine and 1.5 kilograms of cocaine base ("crack cocaine") in the vicinity of West 140th Street and Broadway in Manhattan. On July 13, 2000, Hernandez was arrested and three apartments in New York City that he controlled were searched pursuant to a warrant. Powder cocaine, crack cocaine, narcotics-related records, and drug paraphernalia were discovered. Pursuant to a cooperation agreement, Hernandez pled guilty on January 25, 2001 to an information charging one count of conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine and 50 grams and more of cocaine base, in violation of 21 U.S.C. § 846. Pursuant to the terms of the agreement, Hernandez was released on bail on February 8, 2001.

After remaining in contact with the Government for less than two months, Hernandez fled the United States to live first in the Dominican Republic and then in Spain. Seven years later, he was extradited from Spain and, on October 3, 2008, he appeared in district court for sentencing. Hernandez and the Government stipulated to the Sentencing Guidelines calculations in the Probation Department's Presentence Report and the court, after undertaking its own review of the Guidelines, agreed that Hernandez's base offense level was 38 and his criminal history category was I, resulting in a Guidelines range of 235 to 293 months' imprisonment. Although Hernandez argued for a

reduced non-Guidelines sentence, the court sentenced him principally to a term of 235 months' imprisonment, a sentence at the very bottom of the Guidelines range, to be followed by five years of supervised release. Hernandez now appeals the portion of his sentence imposing 235 months' imprisonment, arguing that his sentence was substantively unreasonable.

We review Hernandez's sentence for reasonableness, but that "does not entail the substitution of our judgment for that of the sentencing judge." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Rather, "the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007). This abuse-of-discretion standard applies whether the sentence imposed falls "inside or outside the Guidelines range." *Id.* at 49. In reviewing for substantive reasonableness, we must determine whether the district court's sentence is located "within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). "[W]e take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190 (citing *Rita v. United States*, 551 U.S. 338, 354 (2007)). While the Section 3553(a) factors "guide appellate courts . . . in determining whether a sentence is unreasonable," *United States v. Booker*, 543 U.S. 220, 261 (2005), we will "not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189. Moreover, "we will not second guess the weight (or lack thereof) that the judge accorded to a given [Section 3553(a)] factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009).

Hernandez argues that given the circumstances of his case, the 235-month prison sentence

imposed by the district court was longer than necessary to comply with the purposes of Section 3553(a)(2) and was therefore substantively unreasonable. Specifically, he contends that his lack of a criminal record, his relatively advanced age, his ties to family, and assertions that he has lived a life free from crime after fleeing the United States to the Dominican Republic and Spain combine to make it unlikely that he will commit future crimes. This alleged low likelihood of recidivism, Hernandez asserts, renders his sentence unreasonable. We disagree.

Section 3553(a) instructs a sentencing court to impose a "sentence sufficient, but not greater than necessary" to comply with the purposes of Section 3553(a)(2), which include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford deterrence to criminal conduct, and protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2). In addition, a sentencing court must consider the nature and circumstances of the offense and the history of the defendant; the kinds of sentences available; the applicable sentencing range set forth in the Guidelines; and the need to avoid unwarranted sentencing disparities. *See id.* § 3553(a).

Here, the record makes clear that the district court specifically considered, among other things, the seriousness of Hernandez's offense given his involvement as the manager of a wholesale cocaine operation, his flight from the United States and attempt to obstruct justice, the applicable Guidelines sentencing range, the need to treat similarly situated defendants similarly, and the need to impose a sentence sufficient to accomplish the goals of punishment and deterrence. Moreover, the district court considered the very argument that Hernandez now makes on appeal, and concluded that the other purposes of sentencing as enumerated in Section 3553(a) justified the sentence ultimately imposed. In so weighing the Section 3553(a) factors, the court did not abuse its discretion

4

when it sentenced Hernandez to a 235-month term of imprisonment. In short, this is not one of the "exceptional cases" where the district court's decision "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

We have considered the remainder of Hernandez's claims and determined them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk