10-0571-cr
United States v. Nash

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
        GUIDO CALABRESI,
        DENNY CHIN,
                        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    <u>Appellee</u>,

    -v.-                              10-0571-cr

UGANDA NASH, a.k.a. BOO,

    <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:    Malvina Nathanson
                         Law Office of Malvina Nathanson
                         New York, NY

1

**FOR APPELLEE:** Daniel A. Braun
Avi Weitzman
Katherine Polk Failla
U.S. Attorney's Office, Southern District of New York
New York, NY

Appeal from a sentence imposed by the United States District Court for the Southern District of New York (Kaplan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's sentence is **AFFIRMED**.

Uganda Nash challenges the 151-month prison sentence imposed by the United States District Court for the Southern District of New York after Nash was convicted of bank fraud and conspiracy to commit bank fraud. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellate review of a district court's sentence has two components: procedural review and substantive review. United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc). If the appellate court finds no procedural error, the substantive review is done for abuse of discretion. Id. at 187 (citing Gall v. United States, 552 U.S. 38, 46 (2007)). Under that standard, an appellate court will vacate the district court's sentence only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" Cavera, 550 F.3d at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).

"A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory. It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." Cavera, 550 F.3d at 190 (internal citations omitted). The district court made no such errors. The district court used the applicable Guidelines range as a starting point in its sentencing decision. And in sentencing Nash to 151 months, the district court did not rely in any way (explicitly or

2

implicitly) on the sentencing enhancement for an offense involving ten or more victims.

In reviewing the substantive fairness of a district court's sentencing decision, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion and bearing in mind the institutional advantages of district courts." Cavera, 550 F.3d at 190. If a judge locates his sentence within the Guidelines range, it "significantly increases the likelihood that the sentence is a reasonable one," because it shows that both the judge and the Sentencing Commission have reached the same conclusion about the proper sentence. Rita v. United States, 551 U.S. 338, 347 (2007). We "will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." United States v. Pope, 554 F.3d 240, 247 (2d Cir. 2009) (quoting United States v. Fernandez, 443 F.3d 19, 34 (2d Cir. 2006)).

The district court sentenced Nash within the applicable Guidelines range, and it was well within its discretion to conclude that the elimination of the ten-or-more-victims sentencing enhancement should only reduce Nash's sentence by four months. The fact that the new sentence is at the top of the recalculated Guidelines range while the previous sentence was near the bottom of the prior Guidelines range is irrelevant.

The district court committed no procedural error, and the sentence it imposed was reasonable and certainly within "the range of permissible decisions." As a result, we hereby **AFFIRM** the sentence.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK