11-2934-cr
United States of America v. Edgardo Ramirez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

Present:     JOHN M. WALKER, JR.,
             ROBERT A. KATZMANN,
             PETER W. HALL,
                  *Circuit Judges.*

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                  *Appellee*,

                  - v -                          No. 11-2934-cr

EDGARDO RAMIREZ,

                  *Defendant-Appellant*.

───────────────────────────────────────────────

For Appellee:              Abigail S. Kurland, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York

For Defendant-Appellant:   Theodore S. Green, Green & Willstatter, White Plains, N.Y.


Appeal from the United States District Court for the Southern District of New York

(Karas, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Edgardo Ramirez ("Ramirez") appeals from a July 11, 2011, judgment of the United States District Court for the Southern District of New York (Karas, *J.*), convicting Ramirez of one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1), and sentencing him principally to a within-Guidelines sentence of seventy-seven months' imprisonment. We assume the parties' familiarity with the remaining facts and procedural history of the case.

On appeal, Ramirez challenges only the substantive reasonableness of his sentence. We review the substantive reasonableness of a sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), "tak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Id*. at 189. Accordingly, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id*. (emphasis omitted) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Absent procedural error, if a sentence is reasonable, "we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009) (internal quotation marks omitted). Finally, while there is no presumption that a within-

2

Guidelines sentence is substantively reasonable, in "the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Ramirez contends that his sentence is substantively unreasonable because the district court placed too much weight on his offense conduct (i.e., that he fired a gun in public in the middle of the day) and on his criminal history. Both of these arguments lack merit. The district court was appropriately concerned by Ramirez's offense conduct. Ramirez's brief attempts to minimize the gravity of his offense by suggesting that the facts surrounding it are "murky." Appellant's Br. at 10. However, on multiple occasions Ramirez accepted the description of the offense conduct on which the district court relied at sentencing. For instance, at Ramirez's plea hearing, after the government summarized the proof it would introduce if Ramirez's case went to trial, Ramirez confirmed that he still wished to plead guilty. Additionally, Ramirez did not object to the description of the offense conduct in the PSR or take issue with the accuracy of the government description of his conduct at the sentencing hearing.

The district court also correctly considered Ramirez's criminal history. Ramirez's conviction in this case was his third felony conviction and his sixteenth overall conviction. Ramirez emphasizes that his prior felony convictions date back to 1993 and 2005, but it is undisputed that Ramirez has had a lengthy criminal career, including numerous violent offenses. There is no reason to conclude that the district court overstated the risk of Ramirez committing future crimes.

3

Finally, we note that when sentencing Ramirez, the district court expressly took into account his serious medical condition, difficult childhood, and the letters submitted by friends and family on his behalf. These considerations likely played a role in the district court's decision to sentence Ramirez at the bottom end of the Guidelines range. We will not disturb this determination.

We have considered defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK