12-2947-cr
United States v. Guerrero

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand thirteen.

PRESENT:  RALPH K. WINTER,
          REENA RAGGI,
                    *Circuit Judges*,
          BRIAN M. COGAN,
                    *District Judge*.[*]

--------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                    No. 12-2947-cr

JONATHAN GUERRERO,
                    *Defendant-Appellant*.
--------------------------------------------------------------------------------

FOR APPELLANT:          Yuanchung Lee, Appeals Bureau, Federal Defenders of New York, Inc., New York, New York.

FOR APPELLEE:           Kristy J. Greenberg, Jennifer G. Rodgers, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

--------

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 20, 2012, is AFFIRMED.

Defendant Jonathan Guerrero appeals from a judgment sentencing him principally to 65 months' incarceration on his convictions, following a guilty plea, for being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), and possessing crack cocaine with intent to distribute, see 21 U.S.C. § 841(a), (b)(1)(C). Guerrero's sole contention on appeal is that the sentence imposed is substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In asserting substantive unreasonableness, Guerrero bears a heavy burden, because we generally accord considerable deference to district judges' determinations as to the sentence warranted in a particular case, and we will set aside such determinations "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). This is not such an exceptional case. Although the district court imposed a sentence above Guerrero's Guidelines range of 46 to 57 months, the challenged 65-month sentence was not "so far above" the Guidelines range or "so inadequately explained by the sentencing judge as to require rejection on appeal." United States v. Sindima, 488 F.3d 81, 85 (2d Cir. 2007); see United States v. Jones, 531 F.3d 163,

174 (2d Cir. 2008) (recognizing that in "great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable").

To the contrary, in considering the 18 U.S.C. § 3553(a) factors, the district court explained in detail its upward variance decision, citing (1) Guerrero's "mendacious and manipulative behavior in connection with the prosecution of this matter," J.A. 106, including his fabricated claim to the Probation Office that he had a sister who was helping him to improve his life; (2) his extensive violent criminal history by the age of 21, including his three previous violent state-law felonies; (3) the severity of the conduct underlying the offenses for which he was convicted, including his possession of the firearm in a home with a child, and his use of the firearm in a pistol-whipping incident that resulted in a domestic violence charge; (4) the fact that lesser sentences for previous crimes had not been successful in deterring him from criminal conduct; and (5) his misconduct in prison while incarcerated on the charges at issue. Under these circumstances, we defer to the "district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Pope, 554 F.3d 240, 246 (2d Cir. 2009) (internal quotation marks omitted).

In urging otherwise, Guerrero argues that the district court should have afforded more weight to his difficult childhood, his youth, and his mental health issues. He also contends that a Guidelines sentence was sufficient punishment for the offenses at issue and would have adequately deterred him from committing future crimes. Because Guerrero's ultimate sentence is reasonable, however, "we will not second guess the weight (or lack thereof) that

3

the judge accorded to a given [§ 3553(a)] factor or to a specific argument made pursuant to that factor." Id. (internal quotation marks omitted).

We have considered Guerrero's remaining arguments and conclude that they are without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4