13-3541-cr
*United States v. Zaky*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of August, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

> > v.                                                                 No. 13-3541-cr

SAMIR ZAKY,

> *Defendant-Appellant.*

---

**FOR PLAINTIFF-APPELLEE:**                    DAVID J. SHELDON, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* Dierdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

**FOR DEFENDANT-APPELLANT:**                  NISHAY K. SANAN, Chicago, IL.

1

Appeal from a September 19, 2013 judgment of conviction in the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Appellant Samir Zaky, a podiatrist, appeals his conviction in the District Court on fourteen counts of healthcare fraud, in violation of 18 U.S.C. § 1347, and fourteen counts of making false statements relating to a health care matter, in violation of 18 U.S.C. § 1035. Following a five-day trial before a jury, Zaky was convicted on all counts charged in the indictment, which relate to Zaky's medicare billing practices. Specifically, Zaky billed Medicare for a procedure known as a toenail "avulsion" on fourteen patients, even though he did not actually perform that procedure. Zaky was sentenced, principally, to 41 months' imprisonment followed by one year of supervised release. His sentence was based upon a loss calculation to Medicare above $120,000, as well as enhancements for obstruction of justice and abuse of a position of trust. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, Zaky makes the following arguments: (1) that the evidence was insufficient to convict him; (2) that the government constructively amended the indictment; (3) that there was a variance between the charging indictment and the proof at trial; (4) that Zaky's equal protection rights were violated; (5) that the government knowingly permitted a trial witness to commit perjury; and (6) that the District Court abused its discretion at sentencing in calculating the total loss amount, in adding a two-level enhancement to the Guidelines calculation for obstruction of justice, and in adding a two-level enhancement to the Guidelines calculation for abusing a positon of trust.

"We review *de novo* challenges to the sufficiency of the evidence underlying a criminal conviction, but a defendant bears a heavy burden . . . because we review evidence on a sufficiency challenge in the light most favorable to the government and draw all inferences in favor of the government." *United States v. Lee*, 723 F.3d 134, 143 (2d Cir. 2013) (internal quotation marks, citations, and brackets omitted) (emphasis in original). "We will uphold a judgment of conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and brackets omitted) (emphasis in original).

"A constructive amendment of an indictment occurs when either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Dupre*, 462 F.3d 131, 140 (2d Cir. 2006) (internal quotation marks omitted). "By contrast, a variance occurs when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment," and requires the defendant to demonstrate prejudice by showing that the defendant was not informed of the charges against him. *Id.* (internal quotation marks and brackets omitted).

"In order to be granted a new trial on the ground that a witness committed perjury, the defendant must show that (i) the witness actually committed perjury; (ii) the alleged perjury was

material; (iii) the government knew or should have known of the perjury at [the] time of trial; and (iv) the perjured testimony remained undisclosed during trial." *United States v. Josephberg*, 562 F.3d 478, 494 (2d Cir. 2009) (internal quotation marks and ellipses omitted).[1]

We review challenges to a sentence imposed by the District Court, including claims that the District Court erred in its calculation of the Sentencing Guidelines, for "reasonableness" under a "deferential abuse-of-discretion standard." *United States v. Pope*, 554 F.3d 240, 244 (2d Cir. 2009) (internal quotation marks omitted). "With respect to the application of a specific sentencing enhancement, we give due deference to the district court's application of the Guidelines to the facts." *Id.* at 245 (internal quotation marks omitted).

Upon a review of the record, we conclude that all of Zaky's claims are without merit. Accordingly, the judgment of conviction and the sentence are affirmed.

## CONCLUSION

We have considered all of Zaky's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The government contends that the claims of constructive amendment, variance, and perjury of a government witness are subject to plain error review, because Zaky did not adequately raise them at trial. *See* Appellees' Br. 26. We note that our conclusion is the same regardless of the standard of review.