United States v. Del Valle

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         REENA RAGGI,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    16-2525

JOSEPH DEL VALLE,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            BRENDAN WHITE, White & White,
                          New York, NY.

FOR APPELLEE:             DAMIAN WILLIAMS (Aimee Hector
                          and Brian R. Blais, on the
                          brief), for Joon H. Kim, Acting
                          United States Attorney for the
                          Southern District of New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Joseph Del Valle pleaded guilty to various fraud charges in the United States District Court for the Southern District of New York (Berman, J.). Del Valle does not challenge his conviction; his only argument on appeal is that his 98-month sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review sentences for "reasonableness," which is "a particularly deferential form of abuse-of-discretion review." United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012) (quoting United States v. Cavera, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (in banc)). We will overturn a sentence for substantive unreasonableness only if "the trial court's decision 'cannot be located within the range of permissible decisions.'" Cavera, 550 F.3d at 189 (quoting United States v. Rigas, 490 F.3d 108, 114 (2d Cir. 2007)).

Del Valle's within-Guidelines sentence is reasonable. Del Valle perpetuated his fraud for approximately ten years and he misappropriated more than $5 million. To convince investors to fund his schemes, Del Valle fabricated emails (purporting to be written by famous chefs and businesspeople) that expressed support for Del Valle's business ventures, and then sent the fraudulent emails to potential clients to raise money. When some clients began to be suspicious and requested documentation, Del Valle falsely assured them that he was having financial statements prepared that would be sent to the investors shortly. Del Valle had previously been convicted of criminal possession of a forged instrument.

In arguing that his sentence is too onerous, Del Valle emphasizes that he worked hard in a new business venture so that he could make money in order to pay restitution, and that one of the fraud victims continued to conduct business with him after Del Valle pleaded guilty. Del Valle contends that this shows his work ethic, business sense, and reformed character. He also contends that the district court

inadequately considered his personal characteristics, namely that he is sixty years old and is devoted to his family.

These contentions are unavailing. The district court considered all of Del Valle's arguments, weighed them against the aggravating factors, and arrived at his 98-month sentence. In light of the magnitude of Del Valle's fraud, the devious means he employed to bilk his victims, and other factors mentioned by the district court, we cannot say that Del Valle's sentence was outside the "range of permissible decisions." Cavera, 550 F.3d at 189.

In particular, we are unpersuaded by Del Valle's reliance on his entry into a new business venture with a former victim in order to recompense his other victims. At most, Del Valle is arguing that the district court afforded insufficient weight to this factor, but when "the ultimate sentence is reasonable . . . we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." United States v. Pope, 554 F.3d 240, 246-47 (2d Cir. 2009) (quoting United States v. Fernandez, 443 F.3d 19, 34 (2d Cir. 2006)). Del Valle's sentence is reasonable, and we do not disturb it.

For the foregoing reasons, and finding no merit in Del Valle's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3