*United States v. Jones*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
>     *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

      *Appellee,*

      v.                           No. 23-7105

KEVIN JONES, II, a.k.a. Ox, a.k.a. Scott,

      *Defendant-Appellant.*[*]

———————————————————————

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Defendant-Appellant:**     Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, NJ.

**For Appellee:**     Karen L. Peck, Sandra S. Glover, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 6, 2023 judgment of the district court is **AFFIRMED**.

Kevin Jones, II challenges the substantive reasonableness of his 180-month term of imprisonment following his conviction after a guilty plea to one count of possessing with intent to distribute morphine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); one count of possessing with intent to distribute heroin, cocaine, and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of conspiring to distribute heroin, cocaine, fentanyl, and other controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

We review the substantive reasonableness of a sentence under the deferential "abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks omitted); *see also United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We therefore will only set aside a district court's sentence as substantively unreasonable "in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions," such as when the sentence would "damage the administration of justice" because it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Thavaraja*, 740 F.3d 253, 259 (2d Cir. 2014) (internal quotation marks omitted).

As the district court clearly noted during the sentencing proceeding, Jones's 180-month sentence was well below the advisory U.S. Sentencing Guidelines range of 262 to 327 months, which Jones does not challenge on appeal. "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable," which makes it even more "difficult to find that a *below*-Guidelines sentence is unreasonable." *United States v. Gates*, 84 F.4th 496, 505 (2d Cir. 2023) (emphasis added) (internal quotation

marks omitted). Indeed, in fashioning a sentence that was nearly seven years lower than the bottom end of the Guidelines range, the district court also provided sound reasons for that sentence. *See* App'x at 205–07 (discussing the extent, nature, and seriousness of Jones's conduct; his criminal history; his post-arrest rehabilitative efforts, contrition, and family support; and various other mitigating and aggravating factors).

On appeal, Jones principally argues that the district court improperly weighed the seriousness of his criminal conduct against various mitigating factors – including his "minor" past criminal offenses, "which were committed when he was fairly young"; his admission of guilt and "sincere contrition"; "his programming accomplishments while incarcerated"; and "his strong family and community support." Jones Br. at 26. But the particular weight given to mitigating factors "is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted). The record clearly shows that the district court considered these mitigating factors and even credited some of them when it imposed Jones's substantially below-Guidelines sentence. *See, e.g.*, App'x at 207 (acknowledging Jones's letters and remarks expressing his remorse); *id.* (considering the certifications for programs

4

that Jones completed while incarcerated); *id.* (noting that Jones was unlikely to re-offend). In addition to those mitigating factors, the court also identified aggravating factors, including the seriousness of Jones's offense as reflected by the harm that Jones's drug dealing inflicted on the community. *See id.* at 206. We see no reason to second guess the district court's weighing of the various sentencing factors here. *See United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009).

Jones also points to the government's prior plea offers as "a more just reflection of the true gravity of the seriousness of [his] crimes, his history and characteristics, and other sentencing considerations." Jones Br. at 30. But those plea offers were rejected by Jones, and in any event, as the district court observed at sentencing, the court was not bound by the rejected plea offers. Rather, the district court was obliged to conduct its own assessment of the sentencing factors based on the facts set forth in the presentence investigation report and the parties' joint stipulation. Jones provides no case law – nor are we aware of any – that suggests the district court abused its discretion by affording too little weight to the previously rejected plea offers. We therefore cannot say that this is one of those "exceptional cases where the [district] court's decision cannot be located within

5

the range of permissible decisions." *Thavaraja*, 740 F.3d at 259 (internal quotation marks omitted).

We have considered Jones's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court