11-984-cr
United States v. Folkes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
     *Appellee*,

    v.            No. 11-984-cr

WALFORD FOLKES, a.k.a. James E. Pittman, a.k.a.
Yuri Willis, a.k.a. Wolly Folkes, a.k.a. Robert Reddick,
a.k.a. Willis Folkes, Jr., a.k.a. Junior Folkes, a.k.a.
Ronald Coote, a.k.a. Devon Willis, a.k.a. Robert Willis,
a.k.a. Davian Brown,
     *Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:  EILEEN F. SHAPIRO, Esq., Brooklyn, New York.

APPEARING FOR APPELLEE:  WILLIAM D. SARRATT (Jo Ann M. Navickas, Allon Lifshitz, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 14, 2011, is AFFIRMED.

On remand from this court, see United States v. Folkes, 622 F.3d 152, 158 (2d Cir. 2010) (identifying error in Guidelines calculation), Walford Folkes was sentenced to 36 months' imprisonment for illegal reentry, see 8 U.S.C. § 1326(a), and a consecutive 24-month prison term for aggravated identity theft, see 18 U.S.C. § 1028A. Folkes now appeals the 36-month prison term, a variance from his undisputed Guidelines range of 12 to 18 months' imprisonment, as procedurally and substantively unreasonable. In reviewing Folkes's sentence "under a 'deferential abuse-of-discretion standard,'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Error

Folkes submits that various procedural errors render his illegal reentry sentence unreasonable. First, he faults the district court for failing to determine his applicable Criminal History Category pursuant to U.S.S.G. § 4A1.1 before departing therefrom pursuant to § U.S.S.G. 4A1.3. Further, he complains that the district court failed to follow the departure procedures outlined in U.S.S.G. § 4A1.3. See United States v. Cavera, 550 F.3d at 190 (identifying incorrect calculation of Guidelines as procedural error). These arguments

misconstrue the sentencing record, which shows that the district court correctly identified the applicable Guidelines to provide for an offense level of 13 and a Criminal History Category of I, but ultimately decided to impose a non-Guidelines sentence.

While the district judge referenced "departing" from the Guidelines, in context, it is clear that what the district court was referencing was a variance to achieve Folkes's "nonguidelines sentence of 36 months." Sentencing Tr. at 9; see United States v. Keller, 539 F.3d 97, 99 n.2 (2d Cir. 2008) (noting that, colloquially, "departure" and "variance" are often used interchangeably). It was procedurally appropriate for the district court to consider Folkes's extensive history of criminal conduct as one factor supporting a non-Guidelines sentence. See 18 U.S.C. § 3553(a)(1). In applying a variance based, inter alia, on such considerations, the district court was not subject to the procedural limitations on departures specified in U.S.S.G. § 4A1.3. See United States v. Keller, 539 F.3d at 99 n.2.

Folkes's contention that the district court failed adequately to consider the § 3553(a) factors, while cast here as a substantive reasonableness argument, might also be understood as a claim of procedural error. See United States v. Payne, 591 F.3d 46, 71 (2d Cir. 2010). So understood, the argument fails. We generally presume that a district court has satisfied its duty to consider the § 3553(a) factors in the absence of record evidence to the contrary. See United States v. Carr, 557 F.3d 93, 107 (2d Cir. 2009). In this case, the record amply demonstrates that the district court considered—and specifically referenced—the § 3553(a) factors in explaining its variance.

The fact that the court did not reference § 3553(a)(6), which specifies the need to

avoid unwarranted sentencing disparities among similarly situated defendants, does not by itself signal procedural error. We do not require district courts robotically to reference each § 3553(a) factor. See United States v. Brown, 514 F.3d 256, 270 (2d Cir. 2008). Moreover, the district court was hardly obliged to accord this factor the mitigating weight urged by Folkes in light of its stated reasons for according greater weight to other, aggravating § 3533(a) factors. See United States v. Fernandez, 443 F.3d 19, 31–32 (2d Cir. 2006). We will not second guess a district court's assignment of different weights to various § 3553(a) factors so long as its ultimate sentence is reasonable. See United States v. Pope, 554 F.3d 240, 246–47 (2d Cir. 2009); United States v. Cavera, 550 F.3d at 191.

2.    Substantive Reasonableness

Having identified no procedural error, we consider Folkes's argument that his 36-month sentence for illegal reentry is substantively unreasonable because (1) variances are rarely employed in immigration cases in the Eastern District of New York, (2) his sentence is twice the high end of his Guidelines range, and (3) it incarcerates him for longer than is necessary to accomplish the goals of sentencing. A general reference to other immigration sentences imposed in the Eastern District of New York is insufficient to demonstrate an unwarranted disparity between Folkes's sentence for illegal reentry and those imposed on a range of other immigration defendants who do not necessarily have similar records and who have not necessarily been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(6); United States v. Fernandez, 443 F.3d at 31–32. As for Folkes's second argument, the percentage of a variance from the applicable Guidelines does not necessarily signal substantive unreasonableness. See United States v. Cavera, 550 F.3d at 190 (citing Gall v.

United States, 552 U.S. at 47, in explaining that while appellate court may consider extent of deviation from Guideline in reviewing sentence, it may not use percentage of departure as standard for determining strength of justification required).

In evaluating the totality of Folkes's substantive unreasonableness claim, our task is not to decide what sentence we think is appropriate. See Gall v. United States, 552 U.S. at 51. Rather, we consider only "whether the sentence imposed falls within the broad range that can be considered reasonable." United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008). Having reviewed the district court's persuasive explanation for its variance, we conclude that this is not one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted).

3.    Conclusion

Having identified no merit in Folkes's reasonableness challenge to his sentence for illegal reentry, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court