10-5228-cr
United States v. Olawepo

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                          No. 10-5228-cr

WHAAB BOLA OLAWEPO,

> *Defendant-Appellant.*

_____

FOR APPELLEE:                   Douglas M. Pravda, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *of counsel*) *for* Lorretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR APPELLANT:                  Nicholas Pinto, New York, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Whaab Bola Olawepo appeals from the judgment convicting him, upon his guilty plea, of re-entry after removal, in violation of 8 U.S.C. § 1326(a), (b)(1), and sentencing him to 24-months incarceration, to be followed by three years of supervised release, and imposing a $100 special assessment. On appeal, Olawepo argues that the district court's 24-month above-Guidelines sentence was substantively unreasonable because it placed too much weight on his prior criminal history and was longer than necessary to comply with the sentencing factors listed in 8 U.S.C. § 3553(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

Our standard of review for "all sentencing decisions —whether inside or outside the Guidelines range"—is abuse of discretion. *Gall v. United States*, 552 U.S. 38, 49 (2007). "Our review of challenged sentences is limited to reasonableness, a concept that applies both to the sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (internal citations and quotation marks omitted).

Olawepo asserts only that his sentence was substantively unreasonable. He advances several arguments in support of his position. Turning to Olawepo's argument that the district court put too much weight on his prior criminal history, "we have never held that a district court's particular reliance on one factor to justify departing from the Guidelines is suggestive of unreasonableness; we have only said that '*unjustified* reliance upon any one factor' suggests

unreasonableness." *United States v. Pope*, 554 F.3d 240, 246 (2d Cir. 2009) (quoting *United States v. Rattoballi*, 452 F.3d 127, 137 (2d Cir. 2006)). Olawepo's argument that the district court erroneously treated a single arrest in 1989 as though it involved multiple arrests and sentences is without merit. Trial counsel made the same argument to the district court, arguing that the court gave too much weight to Olawepo's 1989 arrest in considering it to cover conduct that spanned six years when it related to only one incident. In response, the district court stated, "I understand that this is all based on the 1989 arrest. I understand that completely." In any event, the district court considered not just the 1989 arrest, but the fact that Olawepo's criminal history involved fraudulent conduct, including his use of numerous Social Security numbers and more than 16 different names

Olawepo claims that his sentence was longer than necessary to comply with Section 3553(a) because the district court ignored the alternative Guidelines calculation that he presented and never indicated why an above-Guidelines sentence was more appropriate than the Guideline sentence. These claims are belied by the record. Rather than ignore Olawepo's proposed alternative sentence, the district court stated that it had reviewed and taken into account what Olawepo proposed. The district court had contemplated a 36-month sentence, but "[b]ased on the submissions made after that point" that included Olawepo's proposed 15 to 21 month sentence, it decided to impose a 24-month sentence. The court indicated at length why it sentenced Olawepo to an above-Guidelines sentence. The district court's stated reasons included Olawepo's repeated use of false information to secure his naturalization, his failure to appear for deportation in 1992, and his conflicting statements given during the presentence investigation

regarding his personal history.  We conclude that the sentence was reasonable.  The district court did not exceed its considerable discretion when imposing it.

Accordingly, for the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk