14-4707-cr
United States v. Guzman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand sixteen.

Present:
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                     14-4707-cr

ADALBERTO ARIEL GUZMAN, aka Gringo,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:          MALVINA NATHANSON, New York, N.Y.

For Defendant-Appellee:           JOHN J. DURHAM, Assistant United States Attorney (Susan Corkery, Carrie N. Capwell, Raymond A. Tierney, Assistant United States Attorneys, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

1

Appeal from the judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*), entered December 19, 2014, sentencing Defendant to a term of imprisonment of life plus 35 years.

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a jury trial, Defendant-Appellant Adalberto Ariel Guzman was convicted of one count of conspiracy to murder, 18 U.S.C. § 1959(a)(5), two counts of murder, 18 U.S.C. § 1959(a)(1), two counts of using a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii), and two counts of causing the death of another through the use of a firearm, 18 U.S.C. § 924(j)(1). Though Defendant was 17 years old at the time of the conduct at issue, the district court imposed a sentence pursuant to the Sentencing Guidelines of life plus 35 years' imprisonment. Guzman now challenges that sentence as substantively unreasonable, arguing that his adolescence warranted a sentence of less than life because of the possibility of rehabilitation.

We review the reasonableness of the sentence imposed by the district court for abuse of discretion. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). The substantive reasonableness inquiry focuses on the sentence imposed in light of the district court's consideration of the factors identified in 18 U.S.C. § 3553(a). *Id*. We will set aside a sentence for substantive unreasonableness "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions,'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)), *i.e.*, in the "rare case" where the sentence would "damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable

2

as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (internal quotation marks omitted). Further, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. We do not "second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009) (quoting *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006)); *see also Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (noting that the sentencing judge is "in a superior position to find facts and judge their import under § 3553(a)" (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007))).

Guzman's argument on appeal is rooted in a series of cases in which the Supreme Court articulated Eighth Amendment limits on sentences that may be imposed on juvenile offenders, *i.e.*, those who were under 18 at the time they committed their crimes. Specifically, the Court determined that the Eighth Amendment forbids the imposition of the death penalty on any juvenile offender, *see Roper v. Simmons*, 543 U.S. 551, 578 (2005), the imposition of life imprisonment without parole on a juvenile offender not convicted of homicide, *see Graham v. Florida*, 560 U.S. 48, 74 (2010), and the mandating of a sentence of life imprisonment without parole for a juvenile offender convicted of homicide, *see Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012). The Supreme Court in *Miller* also identified a series of factors relevant to determining whether a life sentence is warranted, including the juvenile's "chronological age and its hallmark features," "the family and home environment that surrounds him," "the circumstances of the homicide offense," and "the possibility of rehabilitation." 132 S. Ct. at 2468.

3

With these considerations in mind, we see no basis here to set aside as substantively unreasonable the district court's sound exercise of its discretion. Following an evidentiary hearing, the district court gave ample consideration to each of the *Miller* factors, together with the sometimes-overlapping § 3553(a) factors, in determining that a life sentence was appropriate. In both open court and in a written statement of reasons, the district court indicated that the sentence it imposed "reflect[ed] the seriousness of the offense[,] . . . promote[d] respect for the law[,] . . . provide[d] a just punishment," and would foster general and specific deterrence. App'x 283, 312–13. The district court likewise based its sentence on the fact that Guzman was nearly 18 when he committed the brutal and heinous acts in question; that his acts were not "impulsive," but rather were "calculated," not caused by peer pressure, and followed by no remorse; that Guzman had engaged in "violent conduct in jail" and remained associated with his gang through sentencing; that nothing in his family background explained his "extremely depraved conduct"; and that, in the district court's view, even in light of an expert's report and testimony, the possibility of Guzman's future rehabilitation was "remote[]." App'x 311, 314–19.

Guzman contends that the district court's sentence was substantively unreasonable because he demonstrated a "possibility of reform," Appellant's Br. 33, and because the district court relied on retribution and deterrence rationales that have diminished relevance when sentencing adolescent offenders, *see Miller*, 132 S. Ct. at 2465 (retribution); *Thompson v. Oklahoma*, 487 U.S. 815, 836–37 (1988). Yet, as the preceding discussion makes clear, the district court considered a broad spectrum of relevant factors in settling on an appropriate sentence, and its thoughtful consideration of—and conclusion concerning—Guzman's chances

of rehabilitation was not unreasonable. The district court, accordingly, did not abuse its discretion.

We have considered Defendant-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk