16-596(L)
United States v. Fernandez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of December, two thousand seventeen.

Present:      ROSEMARY S. POOLER,
              RICHARD C. WESLEY,
              PETER W. HALL,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee,*

              v.                                    16-596-cr(L)
                                                    16-1030 (Con)

LUIS CEDEÑO, also known as Martin Gonzalez,
Martin Mangual, Colombia & JOSE FERNANDEZ, also
known as Jose Deleky, Jose Fernandez Deleky, Nando,
Cuba, Don Martin,

                        *Defendants-Appellants.*[1]

_____

Appearing for Appellants:    Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, N.J.
                             for Luis Cedeño

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

Steven Y. Yurowitz, Newman & Greenberg LLP, New York, N.Y. for Jose Fernandez

Appearing for Appellee:     Matthew Jacobs, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*) *for* Bridget M. Rohde, Acting United States Attorney, Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of Luis Cedeño of said District Court be and it hereby is **AFFIRMED**, and the judgment of Jose Fernandez of said District Court be and it hereby is **VACATED** and **REMANDED** for resentencing.

Appellants Luis Cedeño and Jose Fernandez appeal respectively from the February 19, 2016 and March 8, 2016 judgments of the United States District Court for the Eastern District of New York (Gleeson, *J.*), imposing sentences following guilty pleas. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cedeño argues that his sentence is substantively unreasonable. On reasonableness review of a challenged sentence, we apply a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Cavera*, 550 F.3d 180, 187-89 (2d Cir. 2008). "Generally, if the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009) (quoting *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006)) (internal quotation marks and alteration omitted).

Cedeño argues principally that the district court failed to account for his personal characteristics and lack of criminal sophistication. This argument is unavailing. The district court considered these factors below, and explicitly rejected the notion that Cedeño lacked sophistication. On appeal, "we do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191 (citing *Gall*, 552 U.S. at 51). We find no error in the district court's assessment of these considerations.

Cedeño also argues that his sentence is substantively unreasonable because a similar defendant in another case received a lower sentence. Even if Cedeño were correct in his characterization of the other defendant, the disparity between their sentences would not provide a basis for remand, since the Supreme Court has mandated that we engage in a "circumspect form of review, [which,] it is true, may result in substantial variation among district courts." *Id.* at 193; *see also Kimbrough v. United States*, 552 U.S. 85, 109 (2007).

We find no procedural error in the district court's sentencing calculations. We have considered the remainder of Cedeño's arguments and find them to be without merit. As a result, we affirm the judgment of the district court sentencing Cedeño.

Fernandez argues that his sentence was improper because the district court sentenced him to the statutory mandatory minimum of 120 months, even though Fernandez did not allocute to the drug quantity triggering the mandatory minimum. The government agrees. We have previously held that "drug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant to support conviction or sentence," if the drug quantity will trigger an increased mandatory minimum under the statutory scheme. *United States v. Gonzalez*, 420 F.3d 111, 131 (2d Cir. 2005); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013) (holding that, under the Sixth Amendment, "facts that increase mandatory minimum sentences must be submitted to the jury" as elements of the offense). Accordingly, for a conviction such as Fernandez's, "an allocution must establish that the drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant." *United States v. Culbertson*, 670 F.3d 183, 189 (2d Cir. 2012), *as amended* (Feb. 16, 2012) (quoting *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006)) (internal quotation marks omitted). At Fernandez's plea hearing, Fernandez did not specifically allocute to a quantity of drugs. As a result, his sentence under the statutory mandatory minimum applicable to a crime involving five kilograms or more of cocaine was in error.

Accordingly, the judgment of the district court against Cedeño hereby is AFFIRMED, and the judgment of the district court against Fernandez hereby is VACATED and REMANDED for resentencing under the 21 U.S.C. § 960(b)(3), the indeterminate drug quantity provision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3