19-323-cr
*United States v. Jose Fernandez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty.

PRESENT:     AMALYA L. KEARSE,
                        DENNIS JACOBS,
                        JOSÉ A. CABRANES,
                                        *Circuit Judges*,

———————————————————————

UNITED STATES OF AMERICA,

                                *Appellee,*                                          19-323-cr

                        v.

JOSE FERNANDEZ, ALSO KNOWN AS JOSE DELEKY, ALSO KNOWN AS JOSE FERNANDEZ DELEKY, ALSO KNOWN AS NANDO, ALSO KNOWN AS CUBA, ALSO KNOWN AS DON MARTIN,

                        *Defendant-Appellant,*

LUIS CEDENO, ALSO KNOWN AS MARTIN GONZALEZ, ALSO KNOWN AS LUIS MANGUAL, ALSO KNOWN AS COLOMBIA, DAYSI L. SANTOS, ALSO KNOWN AS LAURA, ALSO KNOWN AS LAURA D., ALSO KNOWN AS LAURA DRUGS.

                        *Defendants.*

———————————————————————

FOR APPELLEE:                                              Artie McConnell and Susan Corkery,
                                                          Assistant United States Attorneys *for*
                                                          Richard P. Donoghue, United States
                                                          Attorney for the Eastern District of New
                                                          York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:                                   Steven Y. Yurowitz, New York, NY.

Appeal from a January 23, 2019 judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Jose Fernandez ("Fernandez"), appeals from a January 23, 2019 judgment of the District Court sentencing Fernandez principally to a term of 114 months' imprisonment for narcotics conspiracy in violation of 21 U.S.C. §§ 963 and 960. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

At Fernandez's initial sentencing for the underlying offense, the District Court (John Gleeson, then-*Judge*) sentenced Fernandez to 120 months' imprisonment, which the District Court believed to be the mandatory minimum. Fernandez appealed that sentence, arguing that the mandatory minimum imposed by the District Court did not apply because Fernandez, who pleaded guilty, did not allocate to a drug quantity needed to trigger that mandatory minimum; the Government agreed with this position. *See United States v. Cedeno*, 705 F. App'x 36, 37 (2d Cir. 2017) (summary order). We vacated Fernandez's sentence and remanded for resentencing under 21 U.S.C. § 960(b)(3), "the indeterminate drug quantity provision." *Id.* On remand, the case was reassigned to Judge Hall, who sentenced Fernandez to 114 months' imprisonment.

In Fernandez's original sentencing, then-Judge Gleeson had adopted as his Guidelines-range starting point 168-210 months, which was the Government's nonbinding, erroneous estimate prior to Fernandez's plea of guilty—and which the Government adhered to as its own recommendation at that sentencing despite the error, rather than the 235-292-month range calculated in Fernandez's presentence report ("PSR"). On the remand for resentencing, an updated PSR concluded that Fernandez's Guidelines range of imprisonment was 210-262 months. On this appeal, Fernandez argues that the District Court on remand was bound, by the law-of-the-case doctrine, to use the 168-210 range that had been adopted by then-Judge Gleeson, rather than 210-262 months, as its starting point; he argues that if the District Court had used 168-210 months, its variance might well have

been to a point lower than 114 months. Given Fernandez's position at resentencing, his present contention is either waived or subject to no more than plain-error review.

Pursuant to our remand, the District Court was to sentence Fernandez under Section 960(b)(3), which, for a defendant in Fernandez's circumstances, authorized a prison term of up to 20 years. An updated PSR was prepared; Fernandez does not contend—and we see no indication in the record—that he objected to having the PSR updated. The District Court accepted the updated PSR's conclusion that the Guidelines-recommended range of imprisonment was 210-262 months, and asked whether there was any objection; both sides said they had none. *See* App'x 99-100. And although Fernandez contends on this appeal that the District Court was required to utilize the 168-210 range that had been adopted by then-Judge Gleeson for the original sentencing, in the sentencing hearing on remand Fernandez's counsel stated that the District Court was not "in any way bound by Judge Gleeson." App'x 101. The District Court adhered to our prior mandate and imposed a sentence under Section 960(b)(3); and we accordingly reject Fernandez's contention that the District Court erred, much less plainly erred, in imposing the new sentence.

We likewise disagree with Fernandez's argument that the District Court was bound by the Government's penalty sheet estimate as a baseline for his resentencing. As noted by the Government, the penalty sheet states that it is "not a plea agreement," that it is intended "to advise" Fernandez, and that "[t]he Guidelines calculations set forth herein are only estimates and are not binding on the government, the Probation Department or the Court." Gov't App'x 1-2. This penalty sheet by its own unambiguous terms is binding on neither the Government nor the District Court.

**CONCLUSION**

We have reviewed all of the arguments raised by Fernandez on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 23, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3