United States v. Kopp

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

**PRESENT:**
> **BARRINGTON D. PARKER,**
> **PETER W. HALL,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                     No. 16-3355-cr

JASON KOPP,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| For *Appellee*: | Lisa M. Fletcher, Assistant United States Attorney, (Steven D. Clymer, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For *Defendant-Appellant*: | Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered by the district court on September 14, 2016, is **AFFIRMED**.

Defendant Jason Kopp appeals from a judgment of conviction entered following his plea of guilty to 22 counts of a 28-count indictment that charged him with one count of conspiracy to sexually exploit a child, *see* 18 U.S.C. § 2251(a); ten counts of sexual exploitation of a child, *see* 18 U.S.C. § 2251(a); nine counts of distribution of child pornography, *see* 18 U.S.C. § 2252A(a)(2)(A); and two counts of possession of child pornography, *see* 18 U.S.C. § 2252A(a)(5)(B). On appeal, Kopp challenges the district court's sentence imposing, a combined term of 235-years of imprisonment and lifetime supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Kopp argues that the prison sentence is substantively unreasonable. On review of the reasonableness of a challenged sentence, we apply a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Cavera*, 550 F.3d 180, 187–89 (2d Cir. 2008). If the sentence is reasonable and "the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given [18 U.S.C. § 3553(a)] factor." *United States v. Pope*, 554 F.3d 240, 246–47 (2d Cir. 2009).

Kopp's principal argument is that the district court focused solely on the offense conduct, and failed to consider the other 18 U.S.C. § 3553(a) factors that weighed in favor of a lower prison term, such as his acceptance of responsibility and cooperation with the government. This argument is unpersuasive. The district court noted that it was considering not only the nature and circumstances of the offense and the history and characteristics of the defendant but also the need for deterrence and the need to protect the public from further crimes—all different factors enumerated under section 3553(a). The court explicitly rejected finding mitigating circumstances that would entitle Kopp to leniency in sentencing. A. 234. On appeal, "we do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191 (citing *Gall*, 552 U.S. at 51). We find no error in the district court's assessment of these considerations.

Kopp also argues that his sentence is substantively unreasonable because defendants in similar cases received lower sentences. Even if Kopp's characterizations of these cases were correct, the disparity between the sentences would not provide a basis for remand because the Supreme Court has mandated that we engage in a "circumspect form of review, [which,] it is true, may result in substantial variation among district courts." *Id.* at 193; *see also Kimbrough v. United States*, 552 U.S. 85, 107–08 (2007). The 235-year term of imprisonment imposed was less than half of the applicable Guidelines 550-year term. We find no procedural error

3

in the district court's sentencing calculations, 18 U.S.C. § 3584(b), and conclude the court acted within its discretion to impose Kopp's sentences consecutively. Upon a consideration of the entire record, we conclude that the sentence was well within the broad range of reasonable sentences that the district court could have imposed in the circumstances presented. *See Cavera*, 550 F.3d at 191.

Kopp next asserts that the length of his sentence is cruel and unusual and violates the Eighth Amendment. The Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime.'" *United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)). Although lengthy, Kopp's sentence is well within the Guidelines range. Furthermore, the sentence is not grossly disproportionate to the crimes to which he pled guilty when considering the type of conduct, the age and number of victims, and the time period over which the conduct occurred. *See id.* ("Lengthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms."). We conclude, therefore, that Kopp's sentence, even if well beyond his life expectancy, is not cruel or unusual. *See id.*

The additional constitutional challenges Kopp raises in his pro se supplemental brief were not directly raised before the district court. We therefore review those claims for plain error. *See United States v. Diaz*, 176 F.3d 52, 117 (2d

4

Cir. 1999). Kopp has failed to show, beyond mere conclusory allegations, how any alleged errors affected his substantial rights or undermined "the fairness, integrity, or public reputation of judicial proceedings." *United States v. Payne*, 591 F.3d 46, 66 (2d Cir. 2010) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). They do not constitute plain error.

Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court