10-1133-cr
United States v. Sanchez

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand eleven.

PRESENT:
>ROGER J. MINER,
>PIERRE N. LEVAL,
>PETER W. HALL,
>>*Circuit Judges*.

_____

UNITED STATES OF AMERICA,
>>*Appellee,*

>v.                                          10-1133-cr

JOSE LUIS GUZMAN SANCHEZ,
>>*Defendant-Appellant.*

_____

FOR APPELLEE:          Licha M. Nyiendo and Susan Corkery, Assistant United States Attorneys (Loretta E. Lynch, United States Attorney for the Eastern District of New York, *on the brief*), Brooklyn, New York.

FOR DEFENDANT-APPELLANT:          Jorge E. Santos, Forest Hills, New York.

1

Appeal from a judgment entered on March 23, 2010 in the United States District Court for the Eastern District of New York (Cogan, *J.*). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jose Luis Guzman Sanchez pled guilty to sex trafficking in violation of 18 U.S.C. § 1591(a)(1), and the district court imposed an above-guidelines sentence of 240 months' imprisonment. The district court characterized the sentence, which was below the statutory maximum, as imposing "the least amount of time necessary to accomplish the purposes of [18 U.S.C. §] 3553(a)." Sanchez appeals that sentence, arguing that it was procedurally and substantively unreasonable.

We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review all sentences for reasonableness, which is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). That review "encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

Procedural review ensures the district court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We adopt "a strong presumption that the sentencing judge has considered all arguments

2

properly presented to her, unless the record clearly suggests otherwise." *Fernandez*, 443 F.3d at 29.

The district court considered all the § 3553(a) factors and sufficiently explained the resulting sentencing decision. Contrary to Sanchez's claim that the district court took into account only "punitive factors" in its § 3553(a) analysis, the court explicitly addressed the potential mitigating factors that Sanchez articulated, including his poverty, his personal history and characteristics, his in-court expression of remorse, and his argument that deportation would punish him without burdening American taxpayers. In fact, the court considered a life sentence (the statutory maximum) but chose to impose a shorter sentence because of Sanchez's impoverished background.

In reviewing for substantive reasonableness, we take care not to "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189. We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id*. (emphasis and internal quotation marks omitted). The United States Supreme Court has noted that "outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Ewing v. California*, 538 U.S. 11, 21 (2003) (alteration and internal quotation marks omitted).

The only reasons Sanchez offers to support his argument that his sentence is substantively unreasonable are: (1) his remorse, as demonstrated by his guilty plea and his testimony at his sentencing hearing; (2) his lack of criminal history prior to his arrest for this

3

crime; and (3) the fact that "appellant at the time of his sentence was a 31 year old to [sic] am [sic] impovrished [sic] of a sixth grade education." As explained above, the district court carefully considered all these factors and explicitly found that the "horror show described in the facts" merited the sentence it imposed. A sentence of 240 months, moreover, is consistent with sex trafficking sentences in this jurisdiction as well as others. *See, e.g.*, *United States v. Martinez*, 621 F.3d 101, 102 (2d Cir. 2010) (30 years), *cert. denied sub nom. Paris v. United States*, 131 S. Ct. 1622 (2011); *United States v. Carreto*, 583 F.3d 152, 154 (2d Cir. 2009) (50 years for two defendants, 25 years for the third), *cert. denied*, 130 S. Ct. 813 (2009) *and* 130 S. Ct. 1555 (2010); *see also United States v. Todd*, 627 F.3d 329, 332 (9th Cir. 2010) (26 years, plus 10 years for transporting a prostitute in interstate commerce); *United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009) (262 months).

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4