United States v. Woney

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand twenty-one.

PRESENT:

> **REENA RAGGI,**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                         **19-4032**

ISHI WONEY,
AKA SEALED DEFENDANT 1,

> *Defendant-Appellant.*

———————————————————————

| | |
|---|---|
| **FOR APPELLEE:** | Daniel H. Wolf, Karl Metzner, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | Robert J. Boyle, Law Office of Robert J. Boyle, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Lorna Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ishi Woney appeals from a judgment entered on November 26, 2019, following his guilty plea, convicting him of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a), 1591(b)(2), and 1594(a); transporting an individual in interstate commerce with the intent that the individual engage in prostitution in violation of 18 U.S.C. § 2421(a); using an interstate facility to promote, manage, and carry on prostitution in violation of 18 U.S.C. § 1952(a)(3); and being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The district court (Schofield, *J.*) sentenced Woney principally to fifteen years' imprisonment, followed by eight years' supervised release. On appeal, Woney argues that (1) the district court plainly erred in accepting his guilty plea for being a felon in possession of ammunition based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and (2) his term of imprisonment is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

1.     <u>Felon-in-Possession Challenge</u>

In *Rehaif*, the Supreme Court held that in cases charging possession of a firearm by persons prohibited from possessing such weapons, the government must prove not only that the defendant knowingly possessed a firearm or ammunition, but "also that he knew he had the relevant status when he possessed it." *Id.* at 2194. For a felon-in-possession charge under 18 U.S.C. § 922(g)(1), the government must therefore prove that the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *Id.* Woney argues that

2

the district court plainly erred under *Rehaif* because it failed to provide adequate notice of the *mens rea* requirement for this element of the offense and because his allocution lacked a sufficient factual basis for satisfying this element.

"Because [Woney] raises his challenge for the first time on appeal, we review for plain error, considering whether (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020) (internal quotation marks omitted), *cert. denied sub nom. Mack v. United States*, No. 20-5407, 2021 WL 2519198 (U.S. June 21, 2021). The government concedes that the district court erred but contends that its error did not affect Woney's substantial rights. "An error affects the defendant's substantial rights when it is prejudicial—that is, when there is a 'reasonable probability' that the error affected the outcome of the proceeding." *United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)). Woney seeks reversal of his conviction after his guilty plea, so he bears "the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (quoting *Dominguez Benitez*, 542 U.S. at 83). Woney cannot meet that burden.

The biggest hurdle to Woney's challenge is the existence of his prior felony. In 2015, he was convicted of felony attempted robbery in the third degree and sentenced to a year in prison. As the Supreme Court recently noted, "[i]f a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." *Id.* (internal quotation marks

3

omitted). Indeed, "given the rights to appointed counsel, effective assistance of counsel, and due process, it is highly improbable that a person could be convicted of a felony without being aware that his possible sentence would exceed one year's imprisonment." *Miller*, 954 F.3d at 559 (citations omitted). Woney presents no convincing reason for us to conclude otherwise, especially considering that he served a year in prison for his felony conviction. *Cf. Greer*, 141 S. Ct. at 2097 ("[I]f a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different."). Moreover, at the time he entered his state plea, he was told that the plea agreement would guarantee that he would have "a felony record . . . for the remainder of [his] adult life," Supp. App'x at 6, and the court questioned the provision of the agreement limiting his sentenced to one year, making plain that, but for the prosecution's promise, the sentence could have been longer. Woney offers no evidence to suggest that he was unaware that he was a felon or that the crime of which he had been convicted carried a maximum sentence of more than one year. *See Greer*, 141 S. Ct. at 2097 (to establish plain error, defendant must "make an adequate showing on appeal that he would have presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms").

Woney also had a significant incentive to plead guilty. He pled guilty to being a felon in possession of ammunition as part of a plea agreement under which he avoided prosecution for sex trafficking by force, fraud, and coercion, a conviction that would have carried a fifteen-year mandatory minimum. *See* 18 U.S.C. § 1591(b)(1). There is no "reasonable probability" that Woney would have risked prosecution on that count to challenge the *mens rea* element on his

4

possession offense. *Cf. United States v. Bryant*, 976 F.3d 165, 177 (2d Cir. 2020) ("The final and perhaps most compelling reason why we can be confident that Bryant would not have put the government to the test of proving his knowledge of his prohibited status is based upon the fact that Bryant would have faced other, more serious charges if he had gone to trial.").

In sum, Woney likely "knew of his unlawful status when he possessed the [ammunition] and there is no reasonable probability that he would have not pled guilty had he been properly informed that such knowledge was a requirement for conviction under 18 U.S.C. § 922(g)." *Id.* at 169.

2.      Substantive Reasonableness

Woney also argues that his fifteen-year term of imprisonment—which exceeds the 120-to-135-month Guidelines range—is substantively unreasonable. "Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (alternation and internal quotation marks omitted). "Generally, if the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 246–47 (2d Cir. 2009) (alteration and internal quotation marks omitted).

The district court did not abuse its discretion in sentencing Woney to fifteen years' imprisonment. It expressly considered the 18 U.S.C. § 3553(a) factors and explained why the sentence imposed is "sufficient, but no greater than necessary." App'x at 69. In explaining the

5

basis for the sentence, the district court focused on the nature of Woney's conduct, his criminal history, and the danger he posed to public safety. It highlighted the vulnerability of Woney's victims, which included "a minor, as well as a woman who was mentally disabled and described in the presentence report as having the IQ of a third grader." *Id.* at 70. Woney controlled these victims using coercive tactics, such as holding their money and belongings hostage. He also employed physical violence and threats, which at one point led to his arrest for assault. The district court also sought to "protect the public from further crimes [Woney] might commit," which was important in light of Woney's violent tendencies and possession of ammunition. *Id.* at 72. It noted that at twenty-three years old, Woney already had "four prior arrests and convictions dating to when [he] w[as] 19 years old, including for attempted robbery and assault." *Id.* at 70. Based on all this, Woney's sentence is not "so shockingly high . . . that allowing [it] to stand would damage the administration of justice." *Muzio*, 966 F.3d at 64 (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)); *cf. United States v. Sanchez*, 433 F. App'x 44, 46 (2d Cir. 2011) (collecting cases demonstrating that "[a] sentence of 240 months . . . is consistent with sex trafficking sentences in this jurisdiction as well as others").

Woney also argues on appeal that his "extraordinarily difficult upbringing [and mental health issues] w[ere] given little, if any, weight by the District Court." Appellant's Br. 26–27. The district court did acknowledge Woney's "difficult life," however, and it described in detail Woney's troubled childhood and psychiatric issues. App'x at 70–71. To the extent that Woney challenges the weight the district court gave to these factors, that "is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) (alteration and internal quotation marks omitted).

6

We have considered Woney's remaining arguments and conclude that they are without merit.  For the foregoing reasons, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court