24-1484-cr
*United States v. Perez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-five.

PRESENT:
JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
JOSEPH F. BIANCO,
*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                               24-1484-cr

JEREMIAH PEREZ, AKA SEALED DEFENDANT 1,

     *Defendant-Appellant*.

_____

FOR APPELLEE:               SARAH MORTAZAVI, Assistant United States Attorney (James Ligtenberg, Assistant United States Attorney, *on the brief*), *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:     DANIEL HABIB, *for* Federal Defenders of New York, Inc., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on May 21, 2024, is **AFFIRMED**.

Defendant-Appellant Jeremiah Perez appeals from the district court's judgment of conviction following his guilty plea to the one-count indictment, charging him with conspiring to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846. Perez's sole challenge on appeal is to the substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

On May 2 and 3, 2019, Perez sold Percocet pills, which were later determined to contain fentanyl, to a 21-year-old college student (the "Victim"). On May 3, 2019, unaware that they contained fentanyl, the Victim ingested the Percocet pills he purchased from Perez, and shortly thereafter died of a drug overdose. The New York City's Office of Chief Medical Examiner determined that a combination of Xanax and fentanyl caused the Victim's death. After determining, through a review of the Victim's phone and other cellphone records, that the Victim purchased the Percocet pills from Perez, law enforcement arranged and executed several controlled purchases of Percocet pills between an undercover police officer and Perez. The Percocet pills that Perez sold to the undercover officer tested positive for fentanyl.

On July 27, 2023, Perez pled guilty, without a plea agreement, to the one-count indictment. At sentencing, the district court calculated the total offense level to be 12, with a criminal history category of III, resulting in an advisory range of 15 to 21 months' imprisonment under the United States Sentencing Guidelines (the "Guidelines"). In doing so, the district court did not apply the

2

enhancement under U.S.S.G. § 2D1.1(a)(2), which at that time provided for a base offense level of 38 if "the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance," because that factual assertion was not specifically charged in the indictment. App'x at 147. The district court nevertheless determined that the government had established, by a preponderance of evidence, that the fentanyl in the Percocet pills that Perez sold to the Victim was the but-for cause of his death, and considered that fact under the sentencing factors enumerated in 18 U.S.C. § 3553(a).[1] After balancing the Section 3553(a) factors, the district court sentenced Perez principally to an above-Guidelines sentence of 96 months' imprisonment, to be followed by a three-year term of supervised release.

We generally review a sentence for "substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Hunt*, 82 F.4th 129, 142 (2d Cir. 2023). Under this deferential standard of review, "if the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009) (cleaned up). Instead, we consider whether a "factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). This Court "will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and citation omitted).

---

[1] The district court also determined that there was insufficient evidence to establish, by a preponderance of the evidence, that Perez knew, consciously avoided knowing, or was willfully blind to the fact that the Percocet pills he delivered to the Victim contained fentanyl.

"We do not presume that a non-Guidelines sentence is unreasonable, nor do we require extraordinary circumstances to justify a deviation from the Guidelines range." *United States v. Stewart*, 590 F.3d 93, 135 (2d Cir. 2009) (internal quotation marks and citation omitted). Instead, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Ceasar*, 10 F.4th 66, 79 (2d Cir. 2021). Thus, when reviewing a non-Guidelines sentence, we consider whether the district court's explanation "support[s] the degree of the variance," and emphasize that "a major departure [from the Guidelines range] should be supported by a more significant justification than a minor one." *Id.* We have cautioned, however, that "we must not employ a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Cavera*, 550 F.3d at 190 (internal quotation marks and citation omitted).

Perez argues that his above-Guidelines sentence of 96 months' imprisonment is substantively unreasonable because the Victim's death cannot support the district court's significant upward variance from the Guidelines range, especially in light of the mitigating factors that Perez presented at sentencing. We disagree.

Here, the record demonstrates that the district court carefully considered and weighed the Section 3553(a) factors in light of all the circumstances of Perez's case, and the 96-month sentence was within the "range of permissible decisions." *United States v. DiMassa*, 117 F.4th 477, 482 (2d Cir. 2024). In explaining its reasoning, the district court emphasized, with respect to the nature and circumstances of the offense and the seriousness of the offense, *see* 18 U.S.C. § 3553(a)(1), (a)(2)(A), that Perez provided the fentanyl that caused the Victim's death, and that this offense was "gravely serious, unspeakably so," App'x at 170; *see also id.* at 170–71 ("The crime in this case had horrific consequences. It resulted in the death of another young person and continuing trauma

4

for the victim's family."). The district court further explained that, after the Victim's death, Perez continued to sell drugs containing fentanyl to an undercover officer on several additional occasions. Moreover, with respect to Perez's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), the district court noted that he previously had been convicted twice of violent offenses, including one conviction that stemmed from an incident which resulted in the hospitalization of an elderly woman.

On the other hand, the district court also recognized that Perez presented "many mitigating circumstances." App'x at 170. In particular, the court explained that Perez committed the offense conduct at a young age, had a difficult upbringing, suffered from mental health problems and drug addiction, and was subject to difficult conditions of confinement while awaiting sentencing. The district court concluded, after balancing all of the Section 3553(a) factors, that the 96-month sentence was necessary to reflect "the seriousness of the offense and the need for deterrence of the defendant from committing crimes of violence or drug crimes," as well as to "provide protection for the public." *Id.* at 171; *see* 18 U.S.C. § 3553(a)(2)(A)–(C). On this record, we conclude that the district court's explanation supports the degree of the variance, and the 96-month sentence was not "shockingly high, . . . or otherwise unsupportable as a matter of law." *United States v. Osuba*, 67 F.4th 56, 68 (2d Cir. 2023).

In reaching this decision, we have considered Perez's arguments as to the substantive unreasonableness of the sentence and find them unpersuasive. For example, Perez contends that the district court's sentence was driven by the Victim's death and that this factor cannot support the district court's "significant" upward variance because, but for the Victim's death, this case involves "a garden-variety drug offense" for which a Guidelines sentence would have been appropriate. Appellant's Br. at 19–20. In particular, Perez notes that he was a low-level dealer

5

who, as the district court determined, did not know that the Percocet pills he sold contained fentanyl, nor did he intend for the Victim to die by ingesting them. However, as explained above, the district court did not solely rely on the Victim's death in reaching its sentencing determination, but also considered, among other things, Perez's sale of drugs containing fentanyl to undercover officers after the Victim's death and his violent criminal history, as well as the need for deterrence and to protect the public. We therefore conclude that these Section 3553(a) factors, "as explained by the district court, can bear the weight assigned [to them] under the totality of circumstances in the case," *Cavera*, 550 F.3d at 191, and that the extent of the variance under these circumstances does not render the 96-month sentence substantively unreasonable, *see United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008) ("[I]n the great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable."); *see also Gall v. United States*, 552 U.S. 38, 47–48 (2007) ("[D]eviations from the Guidelines range will always appear more extreme—in percentage terms—when the range itself is low.").

To the extent that Perez also argues that the district court's sentence was substantively unreasonable because it is inconsistent with lower sentences imposed in other cases in which drug distribution caused a fentanyl-related death, and thus the sentence results in an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6), we find that argument similarly unavailing. As a threshold matter, even though Perez identifies cases in which other defendants received lesser sentences, the government notes several other cases in which defendants, who were involved in distributing fentanyl (believing it was another drug) and caused an overdose death, have received sentences comparable to, or even greater than, the 96-month sentence imposed on Perez. *See* Appellee's Br. at 25; *see also United States v. Waver*, 754 F. App'x 56, 58 (2d Cir. 2019)

6

(summary order) (affirming a sentence of more than twice the high end of the Guidelines range where, *inter alia*, "the person that [the defendant] sold the drugs to ultimately died from consuming the drugs and [] the drugs were laced with fentanyl"); *United States v. Hicks-Bailey*, 740 F. App'x 751, 752–53 (2d Cir. 2018) (summary order) (affirming 96-month sentence where heroin distributed by the defendant caused the death of the recipient).  In any event, like his challenge to the district court's weighing of the mitigating factors, Perez's disagreement with the district court's weighing of the unwarranted sentencing disparity factor cannot demonstrate an abuse of discretion where, as here, the 96-month sentence was reasonable in light of all the sentencing factors considered by the district court.  *See United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) ("[T]he weight to be given [sentencing] disparities, like the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." (cleaned up)).

In sum, we conclude that the district court's sentence was substantively reasonable.

\*          \*          \*

We have considered Perez's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7