*United States v. Reynoso*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                No. 24-214

PEDRO REYNOSO,

> *Defendant-Appellant*,

MARIO REYNOSO-HICIANO, JOEL CABRERA, a.k.a. Gordo, a.k.a. Oso, VLADIMIR REYES,

YUDITH REYNOSO-HICIANO, a.k.a. La Classica,

*Defendants.*[*]

---

**For Defendant-Appellant:**    MURRAY E. SINGER, Law Office of Murray E. Singer, Port Washington, NY.

**For Appellee:**    DANIEL WOLF (Alexander Li, Danielle R. Sassoon, *on the brief*), Assistant United States Attorneys, *for* Edward Y. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 9, 2024 judgment of the district court is **AFFIRMED**.

Pedro Reynoso appeals from a judgment revoking his term of supervised release following his admission that he violated the conditions of his release by committing a new offense, that is, brandishing a firearm during a carjacking, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Reynoso

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

principally to twenty-four months' imprisonment on the violation of supervised release (the "VOSR"), to run consecutive to the sentence imposed in the criminal case arising from the conduct underlying the VOSR. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In May 2019, Reynoso participated in a conspiracy to kidnap a person who had shortchanged Reynoso's co-conspirators in a drug deal. Reynoso and his co-conspirators tied the victim to a chair and threatened to injure him using a knife, wooden table leg, and hot iron, and Reynoso punched him in the face. In February 2021, Reynoso pleaded guilty to one count of Hobbs Act extortion, in violation of 18 U.S.C. § 1951. The district court then imposed a sentence of 366 days' imprisonment – which was substantially below the range of 70 to 87 months recommended by the United States Sentencing Guidelines (the "Guidelines") – as well as a three-year term of supervised release. In imposing the sentence, the district court explained that she was "giving [Reynoso] another chance," App'x at 76, and was "rooting for [him]," *id.* at 79, to turn his life around.

Reynoso served his term of imprisonment and commenced supervised release on September 15, 2021. Almost immediately, Reynoso failed to report to

the U.S. Probation Office ("Probation"), failed to report a change in his address, and tested positive for marijuana. As it turned out, Reynoso also participated in six armed carjackings in New York between November 1, 2021 and December 2, 2021.

On February 2, 2022, a grand jury in the Southern District of New York returned an indictment charging Reynoso with various federal crimes related to these carjackings. On March 17, 2023, Reynoso pleaded guilty in that case to one count of brandishing a firearm during and in relation to a carjacking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii) and 2. He was subsequently sentenced principally to eighty-four months' imprisonment. Probation then filed a violation report, which set forth eight specifications alleging that Reynoso had violated the conditions of his supervised release. On January 9, 2024, Reynoso admitted to the specification alleging that he committed a federal crime by brandishing a firearm during a carjacking. With the parties' consent, the district court proceeded immediately to sentencing, imposing a sentence of twenty-four months' imprisonment, to run consecutive to Reynoso's eighty-four-month sentence imposed in the parallel criminal case. The district court also imposed a three-year term of supervised release, to run concurrent to the term imposed in

4

the parallel criminal case. Reynoso timely appealed, challenging only the substantive reasonableness of the term of imprisonment imposed on the VOSR.

We review the substantive reasonableness of a sentence imposed for a VOSR for abuse of discretion. *See United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020). This standard requires us to consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* (internal quotation marks omitted). As a result, we "will vacate a sentence as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," such as when the sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Ortiz*, 100 F.4th 112, 122 (2d Cir. 2024) (internal quotation marks omitted). Accordingly, a defendant challenging the substantive reasonableness of his sentence "bears a heavy burden." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

Reynoso argues that the district court's decision to impose a consecutive prison sentence for his VOSR was substantively unreasonable. We disagree. For starters, the district court properly followed the Guidelines' policy statement

5

that a "term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3(f). That is because "a sentence for a violation of supervised release should primarily sanction the defendant's breach of trust, not the conduct constituting the violation itself." *Ramos*, 979 F.3d at 1002 (internal quotation marks omitted). Indeed, we have repeatedly upheld the substantive reasonableness of revocation sentences that were imposed consecutive to sentences for the underlying criminal conduct. *See, e.g.*, *United States v. McLarty*, No. 22-1984, 2024 WL 3219488, at *3 (2d Cir. June 28, 2024); *United States v. Dantzler*, No. 22-745, 2023 WL 4004215, at *2 (2d Cir. June 15, 2023); *United States v. Kyzer*, 844 F. App'x 422, 424–25 & n.2 (2d Cir. 2021) (collecting cases).

Here, we cannot say that the district court's imposition of a consecutive sentence was "so shockingly high" that it "would damage the administration of justice." *Ortiz*, 100 F.4th at 122 (internal quotation marks omitted). Almost immediately after commencing his term of supervised release, Reynoso engaged

6

in violent conduct similar to the conduct of his underlying conviction, which constituted a significant breach of the court's trust. *See Ramos*, 979 F.3d at 1002. The breach was all the more serious in light of the substantially below-Guidelines sentence that the district court imposed for that underlying conviction. *See United States v. Verkhoglyad*, 516 F.3d 122, 129–30 (2d Cir. 2008) (holding that the district court reasonably imposed an above-Guidelines revocation sentence where the defendant had "repeatedly betrayed the trust reflected" in the lenient sentences imposed for the underlying conviction and for prior convictions).

In response, Reynoso argues that his sentence is substantively unreasonable because the district court did not adequately account for his mental-health and substance-abuse issues. But the district court acknowledged at sentencing that Reynoso was "dealing with extraordinarily serious issues both in terms of mental health [and] in terms of addiction." App'x at 162. Nevertheless, the district court concluded that these considerations were overshadowed by "the extraordinary wrongs" that Reynoso committed "in connection with the refusal to cooperate with [P]robation, and then the violation of the terms of [his] supervised release." *Id.* In the end, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing

judge." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).  We therefore "will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009) (internal quotations marks omitted).

For all these reasons, we conclude that the district court did not abuse its discretion in imposing a consecutive sentence for Reynoso's VOSR.[1]

\* \* \*

---

[1] At oral argument, Reynoso argued that his revocation sentence should be vacated in light of the Supreme Court's recent decision in *Esteras v. United States*, No. 23-7483, 2025 WL 1716137 (U.S. June 20, 2025).  In particular, he asserted that the district court's brief reference to "the extraordinary wrongs that [Reynoso did] here in connection with [his] underlying conviction," App'x at 162, constituted an impermissible reliance on "the backward-looking purpose of retribution," *Esteras*, 2025 WL 1716137, at \*7 (emphasis omitted).  But as Reynoso himself acknowledges, he did not raise this challenge before the district court or in his opening brief on appeal, and ordinarily "an appellant forfeits any argument not raised in his opening brief." *Tripathy v. McKoy*, 103 F.4th 106, 118 (2d Cir. 2024); *see also* Fed. R. App. P. 28(a)(8).  Moreover, even if we were to reach the merits of Reynoso's argument, we would still affirm the judgment of the district court on plain-error review because it is not "clear or obvious that the district court actually relied on [18 U.S.C.] § 3553(a)(2)(A)" in determining his revocation sentence. *Esteras*, 2025 WL 1716137, at \*10 (internal quotation marks omitted).  Rather, as permitted by *Esteras*, the district court appears to have considered "the nature and circumstances" of the underlying conviction as relevant to "deterrence, incapacitation, and rehabilitation." *Id.* at \*9; *see also* App'x at 162 (noting, after describing Reynoso's personal characteristics, that the court "can't ignore the extraordinary wrongs that [he] ha[s] done here in connection with the underlying conviction, in connection with the refusal to cooperate with probation, and then the violation of the terms of [his] supervised release").

We have considered Reynoso's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court